UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DIVISION



FILED
JAN 29 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-vs-<br><br>D-1 DIANE MARIE HATHAWAY,<br><br>    Defendant.<br>_____/ | No. 13-CR-20052<br><br>HON. John Corbett O'Meara<br><br>OFFENSE: Bank Fraud<br>              Title 18 U.S.C. §1344<br><br>MAXIMUM PENALTY: 30 years<br><br>MAXIMUM FINE: $1,000,000<br><br>SUPERVISED RELEASE: > 3 YEARS<br>                                     < 5 YEARS |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant DIANE MARIE HATHAWAY and the government agree as follows:

**1.** **GUILTY PLEA**

    **A.** **Count of Conviction**

Defendant will enter a plea of guilty to **Count One** of the Information, which charges **Bank Fraud**.

    **B.** **Elements of Offense**

The elements of Count One:

1. That the defendant knowingly executed and attempted to execute a scheme to defraud and,

2. to obtain money by means of material false and fraudulent pretenses and representations,

3. that was in the custody and control of a financial institution as defined by 18 U.S.C.§ 20.

C. **Factual Basis for Guilty Plea**

Beginning in or about January 2010, and continuing through in or about November 2011, **DIANE MARIE HATHAWAY**, in her individual capacity, devised a scheme to defraud ING Bank (ING) during negotiations for a "short sale" of her residence at 15834 Lakeview Court, Grosse Pointe, Michigan (Lakeview).

ING, a financial institution doing business in the Eastern District of Michigan, held the mortgage on Lakeview. In January 2010, **HATHAWAY** began negotiations with ING for a short sale of Lakeview. Approval of the short sale would allow the sale of Lakeview for less than the amount of the outstanding ING mortgage. The approval would relieve **HATHAWAY** of her obligation to pay the mortgage and potentially of her obligation to pay all or part of the shortfall on the outstanding debt.

**HATHAWAY**, with intent to defraud, failed to report all assets under her control at the time she applied for the short sale. On December 10, 2010, **HATHAWAY** filed a "hardship letter" with ING. The hardship letter failed to declare available funds as well the recent transfers of real estate out of her name and into the names of others. These concealments were done by **HATHAWAY** with the intent to hide her true and more favorable financial condition from ING, and to influence ING's decision on her short sale

request.

Based on the false and misleading statements and omissions in the hardship letter, and false and fraudulent representations made by **HATHAWAY** during the short sale negotiations, ING approved the short sale of Lakeview and required **HATHAWAY** to contribute only $10,000 toward the shortfall on the mortgage. Had ING known **HATHAWAY's** true financial status, ING would have required **HATHAWAY** to contribute between $50,000 and $100,000 toward the shortfall on the mortgage. Thus, ING suffered a loss in the amount of between $40,000 and $90,000 as a direct result of Hathaway's fraudulent conduct. The government has no information suggesting **HATHAWAY** used her status as a public employee to perpetrate this scheme to defraud.

2. **SENTENCING AGREEMENT**

    A. **Standard of Proof**

    The Court will find sentencing factors by a preponderance of the evidence.

    B. **Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range reflected in the worksheet attached to this agreement, **12-18 months**. The parties further agree that the defendant may argue for a lower guideline range based on a lower loss amount. It is understood, however, that if the court rejects her argument, defendant does not have a right to withdraw her plea unless the Court determines that a sentence of more than 18 months is appropriate.

    Defendant further understands and agrees that, if her criminal history score under

the Sentencing Guidelines is determined to be higher than that reflected in the attached worksheets, the parties will recommend to the Court that a sentence within the range corresponding to the stipulated offense level and that higher criminal history score is a reasonable and appropriate sentence, and neither party will seek, recommend or advocate for a sentence outside that corrected sentence range.

### C. Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **5 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### D. Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### E. Fine

No more than **$30,000** as provided in USSG §5E1.2.

### F. Restitution

Defendant will pay restitution in the amount of between $40,000 to $90,000, to be determined by the Court, to ING bank, or its successor bank, before the date of sentencing.

### G. Other Charges

The government concludes that there is insufficient evidence to charge anyone other than **HATHAWAY** in connection with the instant offense. Thus, charges related to the instant scheme to defraud will be limited to **HATHAWAY**.

### 4. Each Party's Right To Withdraw From This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than **18 months**. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than **18 months.**

### 5. Waiver of Appeal

Defendant waives any right she may have to appeal her conviction. If the sentence imposed does not exceed **18 months**, defendant also waives any right she may have to appeal her conviction and sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

### 6. Consequences of Withdrawal of Guilty Plea or Vacation of Conviction

If defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request,

reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 7. Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 8. Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this

plea agreement does not supersede or abrogate the terms of any such prior written agreement. Following payment of restitution contained in paragraph 2.F. above, the government will dismiss all pending civil actions and release all liens currently pending against real property involved in this investigation.

9. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **December 20, 2012**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____    _____    _____
DANIEL LEMISCH                        KAREN L. REYNOLDS              PATRICK HURFORD
ASSISTANT U.S. ATTORNEY    ASSISTANT U.S. ATTORNEY    ASSISTANT U.S. ATTORNEY
Chief, Criminal Division

DATE: 1/29/2013

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT SHE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. SHE ALSO ACKNOWLEDGES THAT SHE IS SATISFIED WITH HER ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT SHE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HER LAWYER, AND HAS HAD ALL OF HER QUESTIONS ANSWERED BY HER LAWYER.

_____                            _____
STEVEN FISHMAN                                              DIANE MARIE HATHAWAY
ATTORNEY FOR DEFENDANT                          DEFENDANT

| Defendant: | Diane Marie Hathaway | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C.1344 (Bank Fraud) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(1) | Base Level for Fraud | 7 |
| 2B1.1(b)(1)(E) | >$70,000 <$120,000 | +8 |
| | Defendant reserves the right to argue for a lower loss amount. | |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

3. **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.    **15**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☐

Rev. 8/2010

# WORKSHEET B   (Multiple Counts)

**Instructions** (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNT(S)** _____
   **ADJUSTED OFFENSE LEVEL**                                                           _____ unit

2. **GROUP TWO: COUNT(S)** _____
   **ADJUSTED OFFENSE LEVEL**                                                           _____ unit

3. **GROUP THREE: COUNT(S)** _____
   **ADJUSTED OFFENSE LEVEL**                                                           _____ unit

4. **GROUP FOUR: COUNT(S)** _____
   **ADJUSTED OFFENSE LEVEL**                                                           _____ unit

5. **TOTAL UNITS**                                                                      _____ units

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit ➔ no increase | 2 1/2 - 3 units ➔ add 3 levels |
   | 1 1/2 units ➔ add 1 level | 3 1/2 - 5 units ➔ add 4 levels |
   | 2 units ➔ add 2 levels | > 5 levels ➔ add 5 levels |

7. **ADJUSTED OFFENSE LEVEL OF GROUP
   WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

Rev. 8/2010

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):   January 2010

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):           3 POINTS
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):           2 POINTS
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):           1 POINT
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
|   |   |   |   |   |   |
|   |   |   |   |   |   |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*  A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(WORKSHEET C, p. 2)

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

   [ 0 ]

3. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

   Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

   [  ]

4. **TOTAL CRIMINAL HISTORY POINTS**
   Enter the sum of the criminal history points entered in Items 1-4.

   [ 0 ]

5. **CRIMINAL HISTORY CATEGORY**

   | Total Criminal History Points | Criminal History Category |
   |---|---|
   | 0-1 | I |
   | 2-3 | II |
   | 4-6 | III |
   | 7-9 | IV |
   | 10-12 | V |
   | ≥13 | VI |

   [ **I** ]

Rev. 8/2010

# WORKSHEET D   (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

   **15**

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

   **-2**

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   **13**

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   **I**

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   **months**

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

   **12-18 months**

---

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

Rev. 8/2010

a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

[✓] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

[ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

2. No more than 3 years (total offense level < 6).

c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE** (U.S.S.G. § 5C1.1(c)(2), (d)(2))

[✓] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT** (U.S.S.G. ch. 5, pt. C)

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

Rev. 8/2010

(WORKSHEET E, p. 2)

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

    a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

[✓] 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[ ] 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ] 4. The statute of conviction requires a minimum term of supervised release of ___ months.

    c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

[✓] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

[ ] 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $___.

[ ] 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

[ ] 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[ ] 5. Restitution is not applicable.

Rev. 8/2010

(WORKSHEET E, p. 3)

6. **FINE** (U.S.S.G. § 5E1.2)

   a. <u>Fines for Individual Defendants</u>

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. <u>Fine Range from Fine Table</u> (U.S.S.G. § 5E1.2(c)(3))

   | <u>Minimum Fine</u> | <u>Maximum Fine</u> |
   |---|---|
   | $ 3,000 | $ 30,000 |

7. **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   $100.00 for every count charging a felony ($400 for a corporation)
   $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   $  5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

   The defendant must pay a special assessment or special assessments in the total amount of $100   .

8. **FORFEITURE** (U.S.S.G. § 5E1.4)

   ☐ Assets of the defendant will be forfeited.    ☐ Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

10. **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

    _____
    _____
    _____

Rev. 8/2010