UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                         Case No. 13-20052
v.                                      Hon. John Corbett O'Meara

DIANE MARIE HATHAWAY,

    Defendant.
_____/


**ORDER DENYING MOTION**
**FOR MODIFICATION OF SENTENCE**

Before the court is Defendant's motion for modification of sentence, filed January 13, 2014. The government submitted a response on February 4, 2014.

Defendant Diane Hathaway pleaded guilty to bank fraud on January 29, 2013. On May 28, 2103, the court sentenced her to twelve months and one day in prison. Defendant moves for a modification of her sentence, requesting that the court order the Bureau of Prisons to place her in a residential reentry center and/or reduce her sentence based upon post-sentencing rehabilitation. Neither of these grounds provides a legal basis for the court to modify her sentence.

As a general rule, a district court "may not modify a term of imprisonment

once it has been imposed." 18 U.S.C. § 3582(c). The statute contains exceptions, none of which are applicable here. See id. See also Fed. R. Crim. P. 35. To the extent that Defendant relies upon 28 U.S.C. § 2255, she must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255(a). Defendant has not made this showing.

Defendant suggests, without citation to authority, that the Bureau of Prisons' refusal to place her in a residential reentry center violates her equal protection rights. Defendant has not, however, shown that she was intentionally discriminated against based upon her membership in a protected class. See, e.g., Coleman v. Martin, 363 F. Supp.2d 894, 902 (E.D. Mich. 2005). Further, it is within the Bureau of Prisons' authority and discretion to designate Defendant's place of confinement, not the court's. See 18 U.S.C. § 3621(b), § 3624(c).

Finally, Defendant's post-sentencing rehabilitation does not provide an independent basis for the court to modify her sentence. See Pepper v. United States, 131 S.Ct. 1229, 1249 (2011) (court may consider post-sentencing rehabilitation at resentencing when original sentence was set aside on appeal).

For these reasons, IT IS HEREBY ORDERED that Defendant's motion for modification of sentence is DENIED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  April 29, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 29, 2014, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager